SCHWAB CLOTHING CO. vs CROMER.

Opinion delivered January 8, 1898.

*Statute of Limitations—Non-Residents.*

The statute of limitations in force in the Indian Territory applies to non-residents as well as residents of the state.

*Action on Judgment—Answer—Sufficiency.*

Defendant in an action on a judgment filed an answer denying that the plaintiff ever recovered "any such judgment against

him as alleged in said complaint. That the court was wholly without jurisdiction of the person of the defendant and said judgment is a nullity." *Held*, Sufficient to require plaintiff to prove his foreign judgment. upon which the action was founded.

*3. Action on Foreign Judgments—How Proven.*

A foreign judgment in order to be admitted in evidence, must be certified by the presiding judge of the court as required by § 906 of the revised statutes of the United States.

*4. Foreign Judgment—Oral Testimony—Incompetent.*

Oral testimony is incompetent to prove a foreign judgment.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Suit by the Schwab Clothing Co., against R. A. Cromer upon a judgment. Judgment for defendant. Plaintiff appeals. Affirmed.

September 11, 1893, appellant, hereafter called "plaintiff," filed suit in United States court, Third division (now Southern district), at Ardmore, against appellee, R. A. Cromer, hereafter called "defendant," for $1,019.12, with 8 per cent. interest per annum from May 24, 1886, upon a judgment rendered in the county court of Upshur county Tex., and alleging that said foreign judgment was based upon an account for merchandise sold and delivered, and prayed judgment in the alternative upon said account if for any reason it was not entitled to recover upon said judgment. July 12, 1894, plaintiff filed its amended complaint, to which were attached as exhibits abstract of judgment and itemized account. To the account declared on defendant demurred, and stated said account was barred by limitation

This demurrer the trial court sustained, and plaintiff excepted. October 22, 1895, defendant filed his answer to the amended complaint, and stated "that this action ought not to be maintained against' him on the pretended judgment described in the complaint herein, for the reason that the same is a nullity, and that the plaintiff never recovered any such judgment against him as alleged in said complaint in Upshur county, in the state of Texas, or anywhere else," and further stating that he did not reside in Upshur county, Tex., when the judgment was rendered, and under the laws of Texas he was entitled to be sued in the county of his residence, and that, therefore, said county court had no jurisdiction of his person; and further stating defendant was never served with the process prior to the rendition of said' judgment, did not enter his appearance in said court, and that, therefore, for that reason, also, said court had no jurisdiction of his person. Upon the trial, plaintiff introduced defendant as its witness to prove—First, that he and his brother, T. H. Cromer, as partners, under the firm name of Cromer Bros., purchased the merchandise in question from plaintiff at the time alleged, and had never paid for same; second, that defendant was served with summons prior to rendition of the Texas judgment. Depositions of other witnesses were read in evidence by plaintiff. Defendant offered no evidence, and after the conclusion of the evidence defendant moved the court to withdraw from the jury all evidence in reference to the Texas judgment, and to instruct the jury to return a verdict for defendant. Thereupon the court charged the jury to return a verdict for defendant, to which action plaintiff excepted. Pursuant to the court's instructions, the jury returned a verdict for defendant, upon which judgment was duly entered. Plaintiff filed motion for new trial, which was presented to and overruled by the court, and plaintiff saved its exception. Plaintiff was allowed appeal in open court, and 60 days from November 15,

1895, to file bill of exceptions. The motion for new trial is substantially the same as the assignments of error filed herein.

*C. L. Herbert*, for appellant.

*Ledbetter & Bledsoe*, for appellee.

SPRINGER, C. J. (after stating the facts). The first, second, third, and fourth assignments of error relate to the open account declared on in the complaint, and present the question whether said account was barred by the statute of limitations. The statute of limitations was put in force in the Indian Territory by the act of congress of May 2, 1890, which extended over the territory certain chapters of Mansfield's Digest of the Laws of Arkansas, among which was the statute of limitations. If the statute ran in favor of all persons, both residents and non-residents, then it is conceded that the account was barred, for the reason that more than three years had elapsed from the date of the passage of the act to the time when the suit was brought. Section 4490 of Mansfield's Digest, which was a part of the statute of limitation put in force in the Indian Territory by the act of May 2, 1890, provides as follows: "This act and all other acts of limitation now in force shall apply to non-residents, as well as residents of this state." The account sued on was, therefore, barred, and the trial court properly so held.

Statute of
limitations.
Non-residents

The other assignments of error relate to the Texas judgment sued on. Counsel for plaintiff contend that the answer of defendant did not so directly and specifically deny the facts stated in the complaint as to the recovery of the judgment as required the plaintiff to prove the rendition thereof, or that he so evasively attempted to plead such denial that it amounted to an argument only, and not to a denial, as is required by the practice. The answer of de-

fendant is as follows:     Now comes the defendant, R. A. Cromer, and says that this action ought not to be maintained against him on the pretended judgment described in the complaint herein, for the reason that the same is a nullity, and that the plaintiff never recovered any such judgment against him as alleged in said complaint in Upshur county, in the state of Texas, or anywhere else; that on, to wit, the 24th day of May, 1896, the date when said judgment is alleged to have been obtained, this defendant was not a resident of Upshur county, in the state of Texas, and had not been a resident of said county for nearly two years, and that part of said time this defendant had resided in Limestone county, and on the date said judgment is alleged to have been obtained he was a resident of Hill county, in the state of Texas ; that under the laws of the state of Texas defendants are entitled to be sued in the county of their residence, and no other county in the state has jurisdiction over their persons, unless by an instrument of writing such person had agreed to perform some obligation in the county in which suit is brought; and that in this case no such agreement was made.     Defendant alleges that the county court of Upshur county was wholly without jurisdiction of the person of this defendant, and said judgment is a nullity; that no service of process was ever served on this defendant to answer in the alleged cause of Schwab Clothing Co. against Cromer Bros. in the court of Upshur county or in any other court, and this defendant never entered his appearance in said cause, and never authorized any one to appear for him, and said county court of Upshur county never at any time had jurisdiction over this defendant by reason of service of process, or his appearance in person or by attorney in said cause in said court.''     This answer was verified, as required by the statute.     It seems quite sufficient as a complete denial of the material allegations of the complaint.     It denied that the plaintiff ever re-

covered "any such judgment against him as alleged in said complaint; that the court was wholly without jurisdiction of the person of the defendant, and said judgment is a nullity." Those were sufficient allegations to require the plaintiff to prove his foreign judgment, upon which he sought to obtain a judgment in the Indian Territory. Plaintiff then offered in evidence a copy of the Texas judgment, to which was attached a certificate of the clerk of the court. But there was no certificate of the presiding judge of the court, as is required by section 906 of the Revised Statutes of the United States. Bump. Fed. Proc. p. 618. Objection to the introduction of the record was made by the defendant and sustained by the court. Counsel for plaintiff do not, in their brief, contend that the court erred in ruling out the copy of the judgment which was offered in evidence. They offered then to prove the judgment by parol testimony. But such testimony was incompetent. The foreign judgment could only be proven in the manner required by the statutes. The open account sued on having been barred by the statute of limitations, and there being no competent evidence to support the alleged foreign judgment, the trial court very properly instructed the jury to return a verdict for the defendant, which was done. There is no error in the record, and the judgment is affirmed.

CLAYTON, THOMAS, and TOWNSEND, JJ., concur.

*Suit on foreign judgment. Pleading.*

*Suit on foreign judgment. Proof.*